With me is Leah Nichols at Council Table, also on the briefs. This appeal challenges the lower court's denial of a motion for permissive intervention filed by two non-profit safety organizations for the limited purpose of challenging the sealing of dozens of court records and hundreds of exhibits. All of these documents were placed under seal on stipulation of the parties without any consideration by the district court of whether the public's presumptive right of access was outweighed by the party's legitimate need for secrecy. The district court denied intervention in this case without even stating the reasons why. Our position in a nutshell is this. To the extent the district court found that the safety groups could not intervene as a matter of law, either because they lacked Article III standing or because there was no common question of factor law under Rule 24, the district court got it wrong and needs to be reversed under any standard of review. To the extent the district court relied on discretionary factors, such as undue prejudice or delay, under Federal Rule 24b-3, the district court abused its discretion and must also be reversed on that point. I'd like to address the discretionary... You're arguing, are you not, I'm not trying to put words in your mouth, that it's almost a per se reversal if there are no reasons given because there's no way we can review it. Exactly, Your Honor. That was going to be my first point about why there is no way this court's, the lower court's order could possibly be justified on discretionary factors. Rule 24b-3 allows a court, or actually requires a court, to consider whether intervention would unduly delay or prejudice the existing parties. The district court, in this case, gave no reasons whatsoever in its order, and for that fact alone, there was an abuse of discretion here. But even putting that aside, the undue delay or prejudice factor could never have justified the district court's order here, and there are two distinct reasons why. The first is that our motion to intervene was unquestionably timely. It was filed while the litigation was ongoing. And second, in the district court's order, he, although he didn't give reasons for why he denied intervention, he stated that he planned to take up the secrecy issue following the second trial of the case. And... The status of the case is that the parties have been ordered to undergo mediation, and so the mediation is ongoing. It was recently extended by request of the mediator and per order of the court. Indeed. Indeed. And he, so the mediation is ongoing. It was recently extended. It was supposed to conclude by December 31st. Professor McGovern asked for an extension, and the court granted it. In the meanwhile, the controversy about the E.T. Plus, which is the guardrail at issue in this case, continues to rage. Forty states have taken the E.T. Plus off of the approved products list. The Federal Highway Administration has ordered additional testing. Federal Highway Administration has recently requested additional information from the public about the hazards of the E.T. Plus and requested any crash tests and so forth. So the controversy about this issue continues to rage. So getting back to my point about why... I just want to return to Judge Higginbotham's question just in terms of the status. There's been a jury verdict, right? Yes. But no judgment. Correct. My understanding is that Trinity has moved to set aside the jury verdict as a matter of law, and the court has not yet ruled on that. I've never heard of mediation at that stage, but that's interesting. So the court has under advisement a motion regarding the verdict. That is correct. That is correct. And then in the meanwhile, although the court stated in his order that he would take up the secrecy issue after the trial, three weeks passed after the end of the last trial, and the court did nothing. Ultimately, the plaintiffs themselves filed an emergency motion to unseal the records, which is now before the court. The parties that briefed it, we were not allowed to weigh in on that because the court denied our motion to intervene. So although the secrecy issue is currently up before the court, we have never been allowed to weigh in. Had the plaintiffs originally agreed to the sealing of the records? Yes, Your Honor. All of the records were placed under seal on stipulation of the parties pursuant to a pretrial protective order. The judge... You've got two competitors, essentially, litigants. If you're talking about any intellectual property or material with regard to the stuff, they're probably in a common agreement. They don't want it distributed. Well, my understanding is that although Trinity... Did the parties agree to the intervention or not? No, Your Honor. The parties... The plaintiffs refused to join our motion to intervene, which was accompanied by a motion to unseal. Plaintiffs refused to join either one. Trinity actively opposed them. So at the time the judge ruled in this case, and this is the important point, at the time the judge ruled in this case, none of the other parties was challenging any of the secrecy. We were the only voice advocating for the public's right of access. And notwithstanding that, the district court judge denied our motion to intervene. What are the records that you want access to? Well, that's a good question, Your Honor. There are a lot of them. And my clients are particularly interested in any records that contain information regarding prior crash tests of the ET+. Some of these, it's our understanding, were revealed during the course of the trial. But the trial was only four days long, and I believe that what was introduced at trial was only the tip of the iceberg. Now, Trinity has voluntarily agreed to unseal some of the records during the course of these post-trial proceedings that we were blocked out of. But a lot of the documents that Trinity wants to continue under seal are still of interest to our clients. Our clients have reviewed that list, and they say that there are still a number of crash tests and other developmental investigations with regard to this device that are highly germane to the question of whether or not there's a public danger here. I think you've already said this, but I want to be sure I understand. The plaintiff now takes position that all records should be unsealed? Yes. But that was only three weeks after our motion to intervene was denied. And at the time our motion was denied, we were the only party that was opposing secrecy. And the district court's order needs to be evaluated as of the circumstances that existed at the time he made his decision. The reason why his decision... So he denies our motion to intervene. He doesn't say why, but he says at the same time that he's going to take up the secrecy issue after the trial. To us, this merely underscores why there was an abuse of discretion here. The plaintiff opposes the motion, and the defendant? Opposes the motion to unseal? Opposes the motion to intervene. Both parties opposed the motion to intervene. Actually, I should restate that. The plaintiff refused to join our motion to intervene and unseal, and the defendants actively opposed it. I understand why they might not want to join the motion, but they're partners to the litigation. But the question is who opposed it at the trial court level? The defendants, Trinity Industries, vociferously opposed it. And they argued two things. Their principal argument below was that we could not intervene as a matter of law, because in their view, third parties need independent Article III standing in the underlying action in order to intervene, even where we're merely intervening to unseal court records. There's been a large supplier in this litigation to various governments and so forth of this particular guardrail head system, right? Yes. And so the defendant doesn't, resisting the disclosure of the various tests, et cetera, that were developed in this litigation. Yes. So you want access to the, I guess, the depositions and the data? I'm not sure I responded correctly to your court's prior question. My understanding is that there have been crash tests of the ET Plus and its predecessor device, the ET 2000, that have spanned the past decade, and we're interested in seeing all of them. Well, I understand that, but the predicate of that, I assume, is that all of that has been generated in this litigation. In other words, you have a, one of the parties in the litigation, as I understand it, maybe both parties, have been in this business for some time, and they've been supplying this product to various state agencies, et cetera, et cetera. So there's a long history here. Now, we have a lawsuit that comes along, and a lot of safety tests and so forth have been done. Some generated, I presume, for this litigation itself. And then some that were never part of this litigation, I guess. And if it's not part of the litigation, I'm not sure what you get. All you're going to get here, can get, is whatever is developed in the litigation. You know, you can't come in and get independent new discovery. Correct. Right, and you're not seeking that. All that we are seeking here, Your Honor, is access to the court records. To the court records. To the court records. The court has held, in Holy Land Foundation, that there is a public right of access to court records. Filed depositions and whatever that may be. That means filed depositions, and principally, most importantly, there are summary judgment motions and attached exhibits. There are motions to dismiss. If you look at the court's record, it's full of sealed records. And the public has a presumptive right of access to those records. We're not saying that Trinity shouldn't have an opportunity to explain to the court why its reasons for secrecy outweigh the public's right of access. The problem in this case is that that analysis has never been done. And the reason why the district court abused its discretion is that in denying our motion to intervene,  we're not saying why the public has an interest in access to these records. That's all we wanted to do. We wanted to be able to say to the court, we are the Center for Auto Safety and the Safety Institute. We have a deep understanding of the regulatory processes, and we have studied the ET Plus, and we want to be able to help you, Your Honor, in conducting this balance that's required by the Fifth Circuit's public right of access. And the court said, I understand that there's a presumptive right of access, and I'm going to look at this issue, but I'm denying your motion to intervene, period. That's an abuse of discretion in our view. While you have time, why don't you address our arguably competing decisions in Deuce, which I wrote, and Newby, regarding the requirement of Article III standing. Yes, Your Honor. Our position is that Newby helps us very strongly on both Article III standing questions and on the common question issue, and here's why. First, Newby unequivocally held that there is no Article III standing requirement in a pending case. No qualifications, full stop. Newby distinguished Deuce on the grounds that in Deuce, the interveners were seeking access to a case that had already been dismissed. So on that ground, Deuce doesn't apply here, Newby does. Now, Trinity attempts to cabin Newby by arguing that there's a quote in Newby that suggests that there may be some limitation on the Article III standing requirement, that Article III standing may be required in some instances where the intervener is not seeking the same ultimate relief as one of the existing parties. We briefed this extensively in our papers and explained that that same ultimate relief language was taken from a case, Ruiz v. Estelle, that makes clear that that requirement, that interveners be seeking the same ultimate relief as an existing party, only exists in a case where the court would lack the jurisdiction to grant the relief that's being requested by the interveners. And in this case, the district court has jurisdiction over its own records. It can grant us our rights, and therefore there's no problem with the fact that we're not seeking the same ultimate relief as one of the parties. But that aside, the point I want to really emphasize today is that Newby itself shows why Trinity's argument has to be wrong, and here's why. In Newby, the court granted intervention even though the party seeking intervention was not seeking the same ultimate relief as one of the parties. In fact, Newby didn't even consider that factor. Newby simply looked at whether there was a common question of factor law, didn't even talk about whether there was a same ultimate relief being sought. So that's really crucial, I think. Newby lays Trinity's argument completely to rest. Newby also shows why we satisfy the common question of factor law issue under Rule 24. As we've argued in our brief, first, as every other court of appeals to consider the question has held, where intervention is merely being sought to unseal court records, that in and of itself satisfies the common question of factor law requirement. And Newby is not to the contrary. In Newby, this court looked to some other factors to decide whether there was a common question of factor law. But the reason the Newby court needed to do that is that in Newby, the intervener wasn't trying to open up court records to the public. In Newby, the intervener was merely seeking access to sealed discovery materials, and it was willing to take those materials subject to a protective order. There was no question in Newby about whether the underlying secrecy order was valid or not valid. And therefore, it made sense for the Newby court to consider factors other than the propriety of a secrecy order when deciding whether the common question of factor law requirement has been met. So we would submit that Newby is our case on all fours. It helps us in every single way that's crucial here and utterly defeats Trinity's arguments that intervention had to be denied here as a matter of law. All right, thank you, Ms. Bruckner. You save time for rebuttal. Thank you. Ms. New? Good morning. May it please the court. My name is Heather New for Trinity Industries and Trinity Highway, and together I'm with Jason Steed, who's on the briefs. If it's not necessary to decide more, then it is necessary not to decide more. This is a maxim that's been around for centuries and has been cited by courts as a cardinal principle of the judicial process. The question here is how can we possibly review a denial order that gives absolutely no reason? How can we possibly speculate as to the various reasons that the district court might have employed? I understand your question. I think that the trial court's order could have been more clear. It could have provided more reasons. And in the decretal portions of the order, the trial court's order states that it is denying the intervention based on the reasons stated in the brief. And furthermore, then goes on, though, I think, to provide an explanation for what the court was thinking. But even if we don't have that last paragraph, and I'll get to that in a minute, and I do believe that... That's right, because that indicates that what the trial court was thinking was that he did not need the intervention of the non-parties to assist him with the briefing in determining the... We have to look at what order is being appealed. The order that's being appealed gave no reasons. And there is authority from this court that in a situation just like that, the court can still affirm the trial court's order based purely on its exercise of discretion. He said that he was going to, post-verdict, enter a show-cause order of the parties. When did he make that statement? He, in his order, denying the intervention... Yes, it was in the order itself. Oh, it's part of the order, yes. That is a reason. Yes, yes, that's... I swear there's a bad reason or a good reason. I don't know, it's a different issue, but... That is our position in Ingebrigtsen. It was a very similar kind of a situation. You had parties that had moved... It was actually a public interest group that had moved to intervene for the purpose of asserting their First Amendment rights in a school prayer case. And the trial court concluded that they really brought nothing to the action except additional parties. I take it that hasn't been done. I'm sorry? You've had a verdict for several weeks, I guess. Yes, since October. But no such order has yet been entered. No order... Have you asked the district court to do something? Have we asked the district court to... Has anyone asked the district court to... Judge, now that we've got the verdict, when is the show cause order going to go in? The issue of the unsealing has been fully briefed. Am I answering your question? I don't know if you're asking about the disposition of the merits or the unsealing. We have a district judge who says, I'm not going to let you intervene, right or wrong. But he said, I'm going to, when I get a verdict, when we get to that stage of the litigation, I'm going to, at that point, I'm not going to do this while we're trying to get, trying the case. Exactly. That makes common sense. I can't have unsealing order and people come in when we're trying to try a case. Exactly. Now that the verdict is in, he said, I'm going to issue a show cause order, which would require the parties to demonstrate that the material shouldn't be unsealed. Now, that's happened. We're down here arguing, and I'm asking, has he done that? If he does that, I suspect this material is going to be unsealed. Well, the parties have, that has happened, Your Honor. Beginning November the 10th, Mr. Harmon actually kind of reversed course. Initially, he had taken no position on the issue of sealing, but the relator, Mr. Harmon, in this action, went ahead and filed a motion to unseal and sort of preempted the judges doing a sua sponte and asked for expedited briefing, which was granted. He asked for expedited briefing on the issue of unsealing. That was being briefed? Yes, it's been fully briefed before the trial court. And, in fact, Trinity has agreed to unseal the vast majority. Trinity has agreed to that, and the other side has opposed it? Well, Harmon has asked to unseal the entire record. Trinity has agreed to unseal a large number of the documents, including the crash tests, that the non-parties have talked about today. And so the issues have been narrowed, and so the court is currently considering this balancing of the public's right to the access to the documents and the confidentiality. So the issue is fully briefed. It's before the court, and the trial court, we believe, in its order, stated, look, I don't, you know, thank you for your offer of help. Thank you for the offer for briefing, but I'm going to consider this, take it up after trial, and have the discretion and the ability to do so in his exercise of managing it. Strong rules get strong pushed against the district courts to not likely quickly seal all this kind of information. And they did that some time ago, and responsive to that, it's not uncommon now, at all now, for judges to require the litigants to disengage in those sealing orders. I think that's why the district court acknowledged in the order, there's an express finding where he says. You know, I'm here to decide the case, whatever, but, but he's already ordered the test unsealed. Partially, and as an honor, I don't misunderstand you. The parties have agreed to unseal documents, but the order unsealing the documents, I don't believe has been entered yet, but it's in the works. Both sides have agreed to unseal what? A large portion, a crash test, to provide. Do these plaintiffs, do they know what they are? Yes, yes. That would be public record, because in the filing of the documents, in the filing of the unsealing, those were public, and so, yes, there would be a listing of what documents have been agreed to be unsealed, and which documents are at issue now. So the field has been drastically narrowed. And of course, the district court's discretion, in this case, is very, very broad. The standard of review is, of course, clear. He didn't tell us, he didn't tell us why he did it. I'm piecing together reasons here from, he did give one reason, I'm going to deal with this post-verdict, and apparently that's happening, or it's happening. Well, this court in Pruitt versus Harris County bail bond, and this, I'll give you the size, 104 Federal Appendix 995, the district court's order merely said, okay, I've reviewed your briefs, and I'm of the opinion that the motion to intervene should be denied. That was it. Didn't say anything else. And this court, in its opinion, affirming the denial said, it cited Ingebrigtsen, which is a case we rely on, and said that the would-be interveners have not shown that the district court abused its discretion in denying permissive intervention. And that's it. This court has never before reversed the denial of a permissive intervention, and it's because of this standard of review, this clear abuse of discretion standard of review. There's another case, SEC versus Funding Resource Group, in which the order was silent, and the court turned elsewhere to look at what the court was thinking, and it was in a hearing, and from the statements that the court made at a hearing, the court affirmed and concluded that the trial court's decision reflected a pragmatic approach to his management of his docket. And so I think here, if you look at that, the trial court's order that says that I'm going to take this up after trial, that he says, I recognize this important public right. When this order was entered before the second trial, at about a half-out winning point of time. It was about six weeks earlier, wasn't it? Yes, it was about six weeks before the trial. And the court held that there was no standing to intervene, right? No, no, no. In fact, the course order said that it considered the party's briefing, and it denied the motion to intervene, and then it said that it was denying the motion to unseal, and that's a two-step process. You can't move to unseal unless you have the right to intervene. So there's no indication at all that the motion was based on standing, that the denial was based on standing. If you didn't grant the motion, if you didn't grant the motion, if you weren't a party, you wouldn't have standing. The question, what's been argued, I thought, was that the judge would mistakenly or alleged denying on the basis of standing. I didn't read the record that way. I thought that it didn't give reasons other than what we've talked about. And then later, I said, if you're not a part of this case, you don't have standing to get these documents. In the non-party's opening brief, they took the position that the court had ruled based on standing. And in our brief, we explained and pointed out the understanding of the court's order, that the court had ruled on their motion to unseal, which was filed at the same time, based on standing. Okay, so what we need to do is, as I understand it, we're reviewing an order of September 4th. Correct. So we have to look at the situation as it existed on September 4th and decide whether it was an abuse of discretion to deny intervention on that date. Correct. Not in light of anything else that's happened. Correct. But that September order said that I'm going to do this post-verdict. Correct. And now we're post-verdict and we have already undertaken, he's undertaken to do this. Right. So the order says, in the exercise of the trial court's discretion, just like in Ingebrigtsen. In Ingebrigtsen, the court had determined that all that the interveners would do would add additional parties. It didn't need another layer of litigants. It didn't need another layer of briefing. And in this case, the court said that it was going to undertake to do this balancing of the public's right to access to the documents on its own. The problem here is it didn't say in that order, I don't need another layer of briefings. It's going to be cumulative. Their interests are going to be advocated by one of the parties in the case and therefore it's going to be duplicative of the advocacy that's already being provided by a party to the case. None of that is in this order. He denied the motions and then after that, he said in the same order, in a very brief paragraph, and actually he said, notwithstanding the above denials, the court takes seriously the public's right of access. He says that and then he says, so post-verdict, I'm going to order, I'm going to do a show cause order and the party's going to have to tell me why the record should remain sealed. He also said that he was... So saying I'm... So what you're arguing is the reason he gave is I'm going to do it later. That's right. That's his reason. So whether or not a party has a right to intervene, the sufficient reason for denying it is because I'm going to do it later. I don't think it was solely just that I'm going to do it later. It was the fact that he was going to take it up himself. And so for that reason, there was not... And who's going to be the advocate for the unsealing when he takes it up himself? He says in his order that he takes, his role is protecting the public right of access to documents, serious is his right to govern that. So he says in his order that he's going to undertake... Be the advocate? That he's going to oversee the protection of the interest in that case. So I... So if we were to adopt your view of this case, we would affirm the denial? Yes. Would it be saying that the district court was correct on September 4th when it denied intervention? Technically, the appeal would be dismissed because under the court's provisional jurisdiction over the denials of permissive intervention, it would be a dismissal of the appeal. But it's essentially the same thing as... Actually, you are correct. Right. I stand correct on that. It would be a dismissal. Now, if the court determines that this order is just simply too vague and it can't figure out what the trial court was getting at, the non-parties have suggested a remand. And we would not be opposed to that. I think that at the end of the day, if we need to do that, you know, that is one possible solution. I think that we have found cases, even in situations where the court gave no reasons at all, where this court has affirmed the decision, the denial again. This court has never reversed a denial. This is a permissive intervention. So if you're not opposed to a remand, and if... I'm not going to go into detail about that on rebuttal, but then there might not be any further issue here. Because that's what they're asking, I assume, is that it would be sent back to the district court. But we'll hear from her. Okay. Have you previously indicated that you're not opposed to a remand? Well, this is an issue that was raised in their reply. But I do think that this case can... That could be affirmed just based on the trial court's abuse of discretion alone. Because, you know, cases... There are multiple cases from this court saying that even if you assume, for example, that... I don't understand your argument. I have read that order, so I don't know. But I thought that the order that he entered said, I'm denying... You know, I'm not going to let you intervene to contest this order because I'm... As soon as this verdict comes in, I'm going to enter an order. And we don't know whether he did it or not. That is a reason, isn't it? I think so. I think that that is plenty. I think that is plenty... To me, as a district judge, I've been a long time on the district court bench. That's a darn good reason. Why am I going to let these people come in and I've got to try this case? And I'm going to... This is why I'm not letting you intervene. Either that's a good reason or it's not. I can imagine it's not. And it's on all fours with Ingebrigtsen. And then also, I'd like to point out that, you know... Everybody just wants to man this thing back there. I think he's going to tell you the same thing. And that they've... They filed a renewed motion to intervene as well. So, you know, at the end of the day, I don't know how much it's going to get us. But this court has repeatedly said that, you know, because permissive intervention is wholly discretionary, it's discretionary even though common questions of law or fact or requirements of 24B have otherwise been met. So, you know, even if this court were to assume that those requirements that the non-parties have asked the court to consider have been met, the trial court's exercise of discretion is enough for this court to go ahead and rule either, you know, based on that last paragraph of the court order or even just based on the trial court's denial in and of itself. Because there is, like I said, there is authority for the proposition based on... I don't understand. These plaintiffs said they want to be at the table when you're arguing. You've gone back to the district court and dealing with the question of what records are going to be unsealed. These unsealed, you said, parts of them, but then some tests have not been released. And they want to be at the table to argue to get access to those as well. Correct? It's my understanding that Trinity has agreed to release all crash tests. All crash tests? Yes, Your Honor. And so right now the issue, the field of the documents, the potential documents are drawings, some drawings that are proprietary, that are essentially sort of Trinity's Coca-Cola formula for its product. And of course, because this, as you mentioned earlier, and so those are, those are some of the issues that have been narrowed down to in the motion to unseal. Well, for the reason that I think that this case can be affirmed based on the abuse of, the absence of a clear abuse of discretion and the absence of extraordinary circumstances showing that, we would ask that the district court's order be upheld and the case be dismissed. All right. Thank you, Ms. New. Ms. Bruckner, you saved time for rebuttal. Judge Smith, you had it. In your only brief, in describing the September 4th order, you say that the lower court denied the motion to intervene on the sole ground that they lack standing to move to unsealed documents in this action. Where did that come from? Your Honor, I misread the court's order. I misread the court's order. The court actually denied the motion to intervene without giving any reasons at all. It then went on to say, and we therefore deny the motion to unseal for lack of standing. I conflated the two. My kind sister pointed out in her brief that in fact the district court denied the motion to intervene without stating any reasons at all, which is an even better position for us. I wanted to start out by saying that, Judge Smith, you have it exactly right. The court's order needs to be... If he gave no reasons at all, then I think you ought to remind him back. But I'm unclear about the answer. I got counsel opposite that, that he at that time said that's what he was going to do, which was he was going to deal with this issue as soon as he got a verdict by requiring the parties to show cause why this shouldn't be done. Yes, Your Honor. Why isn't that a reason? It may be a reason, but it's insufficient for three reasons. I understand that, but it's a reason. Granted, it's a reason, but it's not a good run. Why isn't that enough? For three reasons, Your Honor. First of all, at the time the motion to intervene was denied, there was nobody else but us who were willing to fight for the public's right of access. The plaintiff had stipulated to secrecy. So the court was saying, you guys don't get to come in. I'm going to do it by myself. Why not allow the only parties in favor of public access to at least have a voice at the table? That's all we wanted. So that's reason one. The second reason the court's statement that he would take this up on his own was insufficient is that we bring something important to the table. Trinity has argued that we bring nothing to the table. We're just an additional party. That's not right. And a long history of advocacy before the Federal Highway Administration and a long history of looking at this particular device. If there were anybody in the public who should have been permitted to intervene in this case, it was us. Thirdly, the district court's order is itself not confidence-inspiring. I'll put it that way. It is contained in the excerpts of record at tab D, the district court's exact order. And if I may read from that order, he states, notwithstanding the above denials, the court takes seriously the public's right of access. Accordingly, following the trial, the court will enter an order requiring the parties to show cause why previously sealed testimony, et cetera, should remain under seal. Absent such a showing of good cause, may order the same to be unsealed. So on the face of this order itself, the court is stating that it merely may unseal documents as to which there's been no adequate showing that secrecy is required. So for all of these reasons, even if you view what the court said about I'm going to do this later as a reason, arguably it is, it's not a good enough one. And a couple more things, if I may. First, not all the crash tests, the Trinity has not agreed to reveal all the crash tests. Exhibit B, Trinity attended to its brief, the document it submitted to the district court in which it listed a bunch of documents that it said it wanted to remain sealed. And for example, docket number 461.01 includes non-commercialized research and developmental products and testing. According to our clients, that testing includes crash testing that is highly relevant to this case. Third, I would like to say that there is ample case law in the circuit that where a district court fails to give reasons or adequate reasons for the denial of a, of a issue that's subject to abuse of discretion standard of review, the failure to give reasons is per se abuse of discretion. That's the WEWA versus Dutch Petroleum case cited in our reply brief at page 13, note seven. And WEWA went on to say, and this is important, that where the district court fails to give reasons under an abuse of discretion standard, this court, the Fifth Circuit, does not need to remand for a statement of reasons. Where doing so would be an exercise in futility. And where doing so would result in judicial diseconomy. And we would submit that this, we're asking this court to reverse the lower court's order of denial of intervention and order that intervention be permitted. And we would ask that that occur with respect as soon as possible because this issue is before the district court right now and we don't want to drag anybody down. We don't want to delay things. We want to just be able to make our voice known. You argued just a couple of minutes ago on rebuttal that one of the reasons was there was no one else to advocate for what you're advocating for. Yes. And we're told that now the plaintiff wishes to have these matters unsealed so there appears to be an advocate on your side of that. Yes, Your Honor. I would note, though, the parties have very different incentives. The plaintiffs are in mediation. This case could settle any day and the whole issue could go away. And therefore, the fact that the plaintiffs are now before the court advocating to unseal isn't good enough. I understand that concern. Yes, exactly, Your Honor. If I may say just one more thing. I mean, we believe, Trinity says extraordinary circumstances are required here. We believe that this case is extraordinary. This is a textbook case of where intervention should have been permitted. I won't take more time on that, but I'm not so sure that that forecloses you if they settle the case. I'm not sure you can gain access to some of those records. It would mean, Your Honor, that absent intervention, it forecloses us. Intellectual property interests and those records and so forth. Some of it is proprietary and not really goes to the safety factors that are in the public interest. Some of those things have to be sorted out and very carefully. That's not an easy task. Exactly, Your Honor, and that's why we would like to be in a September 4th order in your motion to intervene. I think I'm stating the obvious here, but your motion was a motion to intervene. It was not a motion to intervene and unseal documents, right? It was to intervene for the purpose of advocating for the unsealing of documents. To be clear, Your Honor, what we did is we filed a motion. This is what we always do when we come into cases like this. We filed a motion to intervene and an accompanying separate motion to unseal. We filed both motions at once. The district court denied the motion to intervene and then it went on to also deny the motion to unseal for lack of standing. Insofar as the district court is saying, hey, I'll deal with this later about the documents, that doesn't really speak, it seems to me, to whether the court on September 4th should have allowed you to intervene. In other words, if it had allowed you to intervene on September 4th, that would not have automatically unsealed or opened any of these documents before or during trial. Oh, that's correct, Your Honor. If he had granted our motion to intervene and said, and I'm going to hold your motion to unseal in abeyance until after the trial, we would have been fine with that. Maybe you ought to be renewing that motion to intervene down there. How prejudiced is this one? Well, we did and we have and it's pending. Shortly after the plaintiffs themselves filed their emergency motion to unseal, we renewed our motion to intervene on the ground that one of Trinity's main arguments previously had been that because none of the existing parties was moving to unseal, we couldn't move to unseal. He denied that one, but you didn't appeal that one. He hasn't denied the second one yet. You have a motion pending before him then. Yes. So we've been fighting on two fronts, just in case you kind folks didn't agree with us on this one. All right. Thank you so much. Your case and all today's cases are under submission and the court is in recess until 9 o'clock tomorrow.